1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7

8    SHIRLEY J. MOYER, et al.,                    2:13-CV-341 JCM (VCF)

9              Plaintiff(s),

10   v.

11   UNITED STATES OF AMERICA,

12             Defendant(s).

13

14

15                              **ORDER**

16          Presently before the court is defendant United States of America's (the "government")

17   motion to transfer venue.  (Doc. # 5).  Plaintiffs, Shirley J. Moyer and estate of Robert H. Moyer,

18   filed a response in opposition (doc. # 6), and the government filed a reply (doc. # 8).

19          Also before the court is the government's motion to stay merits discovery pending resolution

20   of the motion to transfer venue.  (Doc. # 13).  Plaintiffs filed a response in opposition (doc. # 14),

21   and the government filed a reply (doc. # 15).

22   **I.    Background**

23          Robert H. Moyer ("Moyer") was a World War II veteran and eligible for veteran benefits,

24   including medical care at a Veterans Administration ("VA") health care facility.  (Doc. # 1, compl.

25   at ¶ 6).  Moyer received some treatment at a Las Vegas Veterans Administration facility.  (*See id.*

26   at ¶ 15).  Based on this treatment, Moyer was referred or sent to the Veterans Administration Long

27   Beach Healthcare System ("VALB"), located in Long Beach, California.  (*See id.* at ¶ 15).  Moyer

28

**James C. Mahan**
**U.S. District Judge**

1   died in Nevada shortly after treatment at, and release from, VALB.  (*Id.* at ¶ 19).

2       Moyer's widow, Shirley Moyer, filed the instant lawsuit on behalf of herself and her deceased

3   husband's estate.  The complaint alleges that Moyer died from negligence and medical malpractice,

4   pursuant to the Federal Tort Claims Act (FTCA), based on Moyer's treatment at VALB.

5       The government filed a motion to transfer venue to the Central District of California.  The

6   issue to be resolved by this order is whether this court should transfer venue pursuant to 28 U.S.C.

7   § 1404(a).

8   **II.    Legal Standard**

9       The statute governing transfer of venue, 28 U.S.C. § 1404(a), provides:

10      For the convenience of parties and witnesses, in the interest of justice, a district court may
        transfer any civil action to any other district or division where it might have been brought .

11      . . .

12      A district court's decision on whether to transfer a case requires the court to conduct a case

13  specific "consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495,

14  498 (9th Cir. 2000).  "The defendant must make a strong showing of inconvenience to warrant

15  upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d

16  834, 843 (9th Cir. 1986).

17      A motion to transfer venue under § 1404(a) requires the court to weigh and consider the

18  following eight factors: "(1) the location where the relevant agreements were negotiated and

19  executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of

20  forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's

21  cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums;

22  (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses;

23  and, (8) the ease of access to sources of proof." *Jones*, 211 F.3d at 498-99.

24  **III.   Discussion**

25      The court will address each factors in turn.

26      *A.    Location of Agreements*

27      The parties agree that since this action lies in tort, rather than contract, there are no relevant

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    agreements involved.  The court agrees and this factor is neutral.

2            B.      *Familiarity with Governing Law*

3            Both parties agree that FTCA actions are governed by the substantive law of the state in

4    which the alleged tort occurred.  28 U.S.C. § 1346(b)(1).  In this case, both parties further agree that

5    California law would apply.  This factors weighs slightly in favor of the government.  California

6    federal courts undoubtedly apply California state law more frequently than Nevada federal courts.

7    However, this court would just as undoubtedly apply and analyze the same law correctly.

8            C.      *Choice of Forum*

9            Any civil action for tort against the United States may be prosecuted only in the judicial

10   district where the plaintiff resides or where the act or omission occurred.  28 U.S.C. § 1402(b).

11   Normally, "great weight is generally accorded plaintiff's choice of forum."  *Lou v. Belzberg*, 834

12   F.2d 730, 739 (9th Cir. 1987).

13           The government argues that the operative facts occurred in the Central District of California.

14   Plaintiffs respond by conceding that some of the operative facts occurred in California.  However,

15   plaintiffs argue that the government omits as operative facts all the recommendations and decisions

16   made by the local VA chapter when referring Mr. Moyer to the VALB in California.  Plaintiff argues

17   that a key issue will be certain recommendations made by local, Las Vegas, physicians that were

18   subsequently ignored by VALB physicians.

19           All these arguments are in addition to plaintiffs' selection of this forum.  The court finds that

20   this factor weighs heavily in favor of Mrs. Moyer.  The government's vast resources far outweigh

21   those of a 76-year-old widow.  The government would be far less burdened by litigating the instant

22   action in California than plaintiffs litigating the action in California.

23           D.      *Parties' Contacts with the Forum*

24           This factor weighs slightly in favor of plaintiffs.  Plaintiffs have extensive contacts with the

25   forum and none with the proposed transferee venue.  The government's likely key witnesses have

26   little or no contacts with the current forum.  The plaintiffs' contacts slightly outweigh those of the

27   government's witnesses and militate towards maintaining the action with this court.

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    *E.*    *Contacts Relating to the Plaintiff's Cause of Action in the Chosen Forum*

2         The majority of the facts relating to the plaintiffs' cause of action originate from actions in

3    California.    Mr. Moyer was operated on in California.    However, still relevant are the

4    recommendations and treatment of Mr. Moyer by Las Vegas VA physicians prior to the alleged

5    incident in California.  This factor weighs slightly in favor of the government's position.

6    *F.*    *Differences in the Cost of Litigation in the Two Forums*

7         There are key witnesses in both forums.  The key witnesses in Nevada include Mrs. Moyer

8    and the local VA physicians and doctors.  The key witnesses in California include the physicians that

9    operated on Mr. Moyer before he died and any expert witnesses needed by the parties.  This factor

10    is neutral.

11    *G.*    *Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party*

12         *Witnesses*

13         The VA physicians that reside in California would be beyond this court's subpoena power

14    if the action remained in this forum.  The VA physicians that reside in Nevada would be beyond the

15    California federal court's subpoena power.  This factor is neutral.

16    *H.*    *Ease of Access to Sources of Proof*

17         The court finds that both parties will be able to access any relevant and necessary sources of

18    proof.  This factor is neutral.

19    *I.*    *Public Policy Considerations*

20         The government argues that California has an interest ensuring that its resident doctors

21    receive fair treatment in a determination of whether they committed malpractice.  Plaintiffs respond,

22    persuasively, that Nevada has just a strong an interest in the treatment of its veterans, and that one

23    of its citizens (Mrs. Moyer) be compensated for any wrongs.  The court finds this factor slightly

24    weighs against transfer.

25    IV.    Conclusion

26         In sum, the court finds that the government would be inconvenienced less by litigating this

27    action in this forum (which was the plaintiffs' choice) than plaintiffs would be by litigating this

28

James C. Mahan
U.S. District Judge

- 4 -

1   action in California.  Further, the government failed to "make a strong showing of inconvenience to

2   warrant upsetting the plaintiff's choice of forum." *See Decker Coal*, 805 F.2d at 843 (9th Cir. 1986).

3          This court's resolution of the motion to transfer moots the motion to stay discovery pending

4   the resolution of the motion to transfer.

5          Accordingly,

6          IT IS HEREBY, ORDERED, ADJUDGED, DECREED that the government's motion to

7   transfer (doc. # 5) be, and the same hereby, is DENIED.

8          IT IS FURTHER ORDERED that the government's motion to stay discovery pending

9   resolution of the motion to transfer (doc. # 13) be, and the same hereby, is DENIED as moot.

10         DATED June 6, 2013.

11

12   _____

13   **UNITED STATES DISTRICT JUDGE**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 5 -